UNITED STATES *v.* CARNEGIE (No. 1894).[1]

1. CONSTRUCTION—SIMILITUDE.

The similitude paragraph of the tariff act is not effective to transfer to the free list any article which is not enumerated in the free list.

2. CONSTRUCTION—AIDED BY CONTEXT.

The provision of paragraph 478, tariff act of 1913, for the free admission of "eggs of * * * fish * * * (except roe preserved for food purposes)" shows that Congress did not regard the provision of paragraph 483 for the free entry of "all other fish" as inclusive of fresh fish roe.

3. HERRING MILT.

Herring milt is not fish, but a secretion of the fish. It is not admissible free of duty under paragraph 483, tariff act of 1913, as "all other fish," and the decision of the Board of United States General Appraisers sustaining the protest making such claim as against the collector's classification of it as roe of fish, under paragraph 216, is reversed.

## United States Court of Customs Appeals, April 30, 1918.

APPEAL from Board of United States General Appraisers, Abstract 41675.

[Reversed.]

*Bert Hanson,* Assistant Attorney General (*Bernard Edelhertz,* assistant attorney, of counsel), for the United States.

Submitted on record by appellee.

[Oral argument Apr. 16, 1918, by Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The appraiser describes the merchandise as "herring milt, the male roe of a herring, put up in barrels in a solution of brine for purposes of preservation." It was returned for duty, and accordingly assessed as preserved roe of fish at 30 per cent ad valorem under paragraph 216, tariff act of 1913.

The importer protested against the assessment, describing the merchandise as "not preserved roe, but simply the milt of the herring in the same condition as in the herring," and claiming free entry for the importation under the provision for the free admission of "all other fish not otherwise specially provided for," in paragraph 483 of the act.

The issue presented by the protest therefore was whether the merchandise was dutiable as "preserved roe of fish," or free of duty as "fish not otherwise specially provided for."

The case was submitted upon testimony to the Board of General Appraisers. The board held that herring milt is not "roe" within the meaning of the tariff act, and for that reason sustained the protest. The Government appeals.

In our view of the case, however, the decisive question in the present record is whether herring milt is within the provision for

─────────────────

[1] T. D. 37631 (34 Treas. Dec., 414).

"all other fish not otherwise specially provided for," in paragraph 483 of the free list. This is the only claim presented by the importer in his protest, and if the claim be not sustained the assessment must stand whether correct or incorrect.

The material in question is the sperm of the male herring and is said by one of the witnesses to be smoother and finer in consistency than the roe of the female herring, and to be "more like a paste." We believe that such a substance does not come within the common understanding of the term "fish." It is merely a secretion of the fish, and does not form any part of its flesh or organic structure. It is therefore not covered by the classification "all other fish" contained in the free list, and consequently the protest should be overruled, regardless of the accuracy or inaccuracy of the assessment.

In support of this conclusion we may note that paragraph 478 of the tariff act of 1913 provides for the free admission of "eggs of * * * fish * * * (except roe preserved for food purposes)." It may therefore be believed that Congress did not regard the provision for the free entry of "all other fish" in paragraph 483 of the act as inclusive of fresh fish roe. This nomenclature is consistent with that of previous acts in which Congress dealt with fish and fish roe as separate commodities for tariff purposes. The present merchandise is even less entitled than roe to the designation of fish.

It is hardly necessary to say that the similitude paragraph of the tariff act is not effective to transfer to the free list any article which is not enumerated therein.

In this view the protest should have been overruled, and the decision of the board is therefore *reversed.*